UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-475-C**

**BRIDGEPOINTE CONDOMINIUMS, INC., ET AL.,**                        **PLAINTIFFS,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**INTEGRA BANK NATIONAL ASSOCIATION,**                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion to strike the plaintiffs' amended complaint (R. 16). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion. Furthermore, on its own motion, the court finds that it lacks subject-matter jurisdiction and remands this action to Jefferson Circuit Court.

**I.**      **Background**

The plaintiffs filed this suit against the defendant, Integra Bank National Association ("Integra"), in Jefferson Circuit Court on September 2, 2008, seeking a declaratory judgment and alleging claims of breach of contract, misrepresentation, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. R. 1-2. This case is essentially a "lender liability" action. The plaintiffs allege that Integra induced them into accepting, and later modifying, a complex set of loans. Then, Integra allegedly failed to honor certain promises, including an oral contract, that altered the schedule for repaying the loans, and improperly declared those loans to be in default.

The defendant moved to dismiss, or, in the alternative, to transfer this matter to the United States District Court for the Southern District of Indiana. R. 5. That motion is still pending. On January 29, 2009, the plaintiffs filed an amended complaint, which added Mark Anderson, a senior vice president and the plaintiffs' primary contact at Integra, as a defendant. R. 13. While the plaintiffs mentioned Anderson throughout the original complaint, he was not named as a defendant at that time. In the amended complaint, the plaintiffs assert claims of breach of oral contract, misrepresentation, and breach of fiduciary duty against Anderson. Subsequently, Integra moved to strike the amended complaint. R. 16.

**II. Analysis**

Integra claims that the primary reason that the plaintiffs amended their complaint was to add a new defendant, Mark Anderson, in an attempt to destroy diversity and deprive this court of subject-matter jurisdiction. It requests that the court strike the amended complaint and refuse to permit the joinder of Anderson in this action.

The plaintiffs amended their complaint in accordance with Fed. R. Civ. P. 15(a)(1)(A), which provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Prior to the plaintiffs' filing of the amended complaint, Integra had not filed an answer to the complaint. While it had filed a notice of removal and moved for dismissal or transfer, these documents are not "pleadings." See Fed. R. Civ. P. 7(a) (limiting

2

"pleadings" to complaints, answers, and replies).  The plaintiffs, therefore, did not need to obtain leave of court to amend the complaint.

Even though the plaintiffs did not need the court's permission to amend the complaint, the court may deny their attempt to "join [an] additional defendant[ ] whose joinder would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  While Anderson was mentioned throughout the original complaint, he was not a party to that action.  The addition of Anderson as a defendant to the suit will destroy subject-matter jurisdiction because he and the plaintiffs are citizens of Kentucky.  Since the plaintiffs are attempting to join a non-diverse party, the court must determine whether that joinder is appropriate.

The plaintiffs contend that 28 U.S.C. § 1447(e) is inapplicable in the instant action.  They argue that the statute does not give the court authority to deny the addition of a non-diverse party when that addition is made through an amendment as a matter of course.  This is not persuasive.  The plaintiffs cannot escape the statute or the court's review simply by adding the non-diverse defendant through an amendment as a matter of course.  See Joan Steinman, *Postremoval Changes in the Party Structure of Diversity Cases: The Old Law, The New Law, and Rule 19*, 38 U. Kan. L. Rev. 863, 941 (Summer 1990) ("Although some courts have spoken of plaintiffs filing postremoval amendments as of course adding nondiverse defendants and claims against them, the better view is that plaintiffs must seek and receive leave of court to add nondiverse defendants after removal.").  The statute's

3

use of the terms "join" and "joinder" should not be narrowly interpreted as limiting its application to the joinder of parties under Rules 19, 20, and 21. Such a narrow interpretation would defeat the statute's purpose of permitting the court to decide whether it should retain jurisdiction by permitting or denying the joinder of a non-diverse party. Thus, 28 U.S.C. § 1447(e) gives the court the authority to deny joinder of Anderson even though the plaintiffs added him through an amendment as a matter of course.

The Sixth Circuit has not provided any guidance for courts regarding their exercise of discretion to permit the joinder of a non-diverse party under 28 U.S.C. § 1447(e). However, other courts have utilized a four-factor test, which requires the court to consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D. Ohio 2008) (string citation omitted). The first factor "appears to be of paramount importance." *Id.* at 824.

The plaintiffs disagree with the use of the four-factor test and contend that the appropriate standard is the one used by courts to analyze allegations of fraudulent joinder. The fraudulent-joinder standard requires the court to permit the joinder of a non-diverse defendant if the plaintiff alleges a "colorable cause of action" against the non-diverse party. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*,

4

176 F.3d 904, 907 (6th Cir. 1999). While the issues of joinder of non-diverse parties and fraudulent joinder are closely related, they differ significantly. Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming "non-diverse nominal or irrelevant parties" in order to avoid removal. *City of Cleveland*, 571 F.Supp.2d at 824 n. 27. In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties after removal. Thus, a plaintiff's motive for joining the non-diverse party becomes paramount in Section 1447(e) analysis. The court, therefore, finds that the four-factor test is the proper standard to evaluate the attempted joinder of Anderson. Even though the court declines to apply the fraudulent-joinder analysis, it still "must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party," and "all doubts as to the propriety of removal are resolved in favor of remand." *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

    First, the court must determine "the extent to which the purpose of the amendment is to defeat federal jurisdiction." Integra argues that the amended complaint, on its face, demonstrates that the plaintiffs' primary purpose in adding Anderson to the suit was to destroy diversity. While it states "[t]he addition of these claims against Anderson, a citizen of Kentucky, destroys complete diversity of citizenship, deprives this Court of subject matter jurisdiction, and compels

5

remand of this action to the Jefferson Circuit Court," the court does not construe this as implying that the principal purpose of joining Anderson as a defendant was to destroy diversity. Instead, the court finds that the statement merely provides notice to the court that the addition of Anderson to this action places the court's jurisdiction in question. Unlike *City of Cleveland*, 571 F.Supp.2d at 824, where the City "readily acknowledge[d] that it want[ed] to join JP Morgan Chase Bank largely in order to secure remand of the case," the plaintiffs in the instant action never admit that their motive for joining Anderson is to destroy diversity.

Next, Integra asserts that the plaintiffs' failure to join Anderson in two related state-court actions shows that their primary purpose is to destroy diversity jurisdiction. Integra also notes that the plaintiffs are attempting to join Anderson in a related case in the United States District Court for the Southern District of Indiana. The court agrees that plaintiffs' decision to name Anderson as a defendant in only the federal-court actions raises suspicion as to whether his inclusion in this suit is only to destroy diversity. However, this is overcome by the fact that the plaintiffs could have named Anderson as a defendant at the outset of the litigation if they wanted to prevent this court from having jurisdiction. In fact, by naming Anderson as a defendant in the original complaint, the plaintiffs could have avoided removal altogether. The court finds that the plaintiff's purpose for joining Anderson is not to destroy diversity jurisdiction. Instead of including him in the original complaint in order to avoid this court's jurisdiction, the plaintiffs waited until they

obtained evidence, including deposition testimony, to establish the factual basis for those claims. The court will not punish the plaintiffs for their prudent delay by refusing to permit them to add Anderson as a defendant.

The second factor requires the court to consider whether the plaintiff was dilatory in seeking the amendment. The plaintiffs commenced this action in Jefferson Circuit Court on September 2, 2008. They deposed Anderson and Roger Watson, a senior real-estate lender at Integra, on January 13 and 16, 2009. Less than two weeks later, on January 29, 2009, they filed their amended complaint. Only four months had elapsed since the initial complaint. Clearly, the plaintiffs were not dilatory.

The court must now look to see whether the plaintiffs will be significantly prejudiced by not allowing the amendment. If the court declines to permit Anderson from being named as a defendant in the instant action, the plaintiffs will have to pursue their claims against him in a separate action in state court. Not only would it be burdensome for the plaintiffs to be forced to litigate virtually identical claims in two different courts, but it could lead to inconsistent adjudications as well. Thus, the court finds that the plaintiffs will be significantly prejudiced by not allowing Anderson to be joined as a defendant in the instant action.

Finally, the court must consider "other equitable factors." Integra argues that it has a significant interest in proceeding in a federal forum. While an out-of-state defendant typically has a substantial interest in proceeding in a federal forum,

7

that is not the case in the instant action. In addition to this lawsuit, the parties are also involved in related actions in Indiana federal court, South Carolina state court, and Kentucky state court. In the other actions, Integra is the plaintiff. Because Integra chose Kentucky state court as the forum for a related proceeding, the court finds that it does not have a significant interest in a federal forum. Hence, no "other equitable factors" support the denial of joinder.

Because all four factors weigh in favor of permitting the plaintiffs' joinder of Anderson, the court will permit the joinder under 28 U.S.C. 1447(e), and the motion to strike the amended complaint will be denied. While the plaintiffs requested that the action be remanded to state court in their amended complaint, they have yet to move the court to do so. Nevertheless, when "the court lacks subject matter jurisdiction over the case, the court can *sua sponte* remand the case to state court at any time prior to final judgment." *Page v. City of Southfield*, 45 F.3d 128, 132 n. 8 (6th Cir. 1995). The court finds that the plaintiffs' joinder of Anderson as a defendant to this action destroys complete diversity and divests this court of subject matter jurisdiction over the parties' claims. Therefore, this action must be remanded to Jefferson Circuit Court.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion to strike the plaintiffs' amended complaint (R. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Jefferson Circuit Court.

**IT IS FURTHER ORDERED** that all remaining motions are **DENIED AS MOOT** and this matter is **STRICKEN** from the court's active docket.

Signed on  March 12, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**